IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Robert Samuel Eakes, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 1:11-cv-0571-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Doc. 40] filed on January 17, 2012, recommending that Respondent's Motion for Summary Judgment [Doc. 28] regarding Petitioner's petition for writ of habeas corpus, be granted. On March 29, 2012, the court issued a text order [Doc. 45] containing a preliminary ruling accepting the Magistrate Judge's Report and Recommendation. The text order provided that the court would issue a formal order on the motion at a later date. This is the court's formal order on this matter.

**STANDARD OF REVIEW**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or

1

modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S. C. § 636 (b)(1).

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate with the following exception. The Report and Recommendation incorrectly states in one instance that "Petitioner had a guilty plea in which he raised no objection, was advised of his right to file a direct appeal, but did not file one . . . ." [Doc. 40 at 16]. Petitioner did not plead guilty in this case, but rather went to trial and filed a direct appeal with the South Carolina Court of Appeals, as is reflected in other areas of the Report and Recommendation.[1] With the preceding exception, the court adopts the Magistrate Judge's summary as its own, and only references facts pertinent to the analysis of Petitioner's objections. The relevant facts, viewed in a light most favorable to Petitioner, are as follows. In September 2003, Petitioner was charged with assault and battery with intent to kill, kidnapping, and criminal sexual conduct first degree in Greenville County. In May 2004, Petitioner was subsequently indicted for malicious injury to real property. All charges against Petitioner stemmed from the same series of events which began on July 12, 2003. The victim was Petitioner's ex-wife.

The State noticed Petitioner that it intended to seek a life without parole sentence. At trial, the jury acquitted Petitioner on the criminal sexual conduct charge, but convicted Petitioner on the lesser offense of assault and battery of a high and aggravated nature, kidnapping, and malicious injury to real property. Petitioner was sentenced to life without parole for kidnapping, ten years

---

[1] The Magistrate Judge's analysis and recommendation is not affected by this error.

consecutive for assault and battery of a high and aggravated nature, and thirty days consecutive for malicious injury to real property.

Petitioner filed a direct appeal in the South Carolina Court of Appeals. Petitioner filed his final brief on October 16, 2006, in which he raised the following issue: "Whether the trial court erred in refusing to order a new trial where his instructions to the jury improperly commented upon the facts of the case and prejudiced appellant?" [Doc. 29-5 at 39]. The Court of Appeals affirmed Petitioner's convictions. Petitioner did not seek a rehearing, nor did he seek further review by the Supreme Court of South Carolina. On March 22, 2007, the Court of Appeals issued the remittitur.

On July 25, 2007, Petitioner filed an application for post-conviction relief ("PCR"), raising claims for ineffective assistance of trial and appellate counsel. An evidentiary hearing was held on September 25, 2008. A formal order of dismissal was issued on October 24, 2008. On November 7, 2008, Petitioner filed a motion to alter or amend judgment. Petitioner's motion to alter or amend judgment was denied on February 3, 2009. Petitioner appealed and filed a petition for writ of certiorari in the Supreme Court of South Carolina on August 24, 2009. Petitioner raised the following issues:

1. Did the PCR court err in failing to find trial counsel ineffective for not objecting to hearsay testimony by three witnesses regarding statements by the victim to them which went beyond time and place?
2. Did the PCR court err in failing to find trial counsel ineffective for not objecting to the admission of the 911 tape which contained prejudicial hearsay that petitioner had murdered two people in Florida and murdered some people in South Carolina?
3. Did the PCR court err in failing to find trial counsel ineffective for not objecting to the admission of petitioner's prior conviction for voluntary manslaughter?
4. Did the PCR court err in failing to find trial counsel ineffective for not performing a thorough investigation when petitioner was facing a life without parole sentence?

4

[Doc. 29-7 at 3].

On January 7, 2011, the Supreme Court of South Carolina denied the petition, and issued the remittitur on January 25, 2011. Petitioners federal habeas petition is now before this court upon the Magistrate Judge's recommendation that Respondent's Motion for Summary Judgment be granted.

## DISCUSSION

Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner's federal habeas petition alleges that his trial counsel was ineffective. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Further, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. "Failing to object to admissible evidence cannot be a professionally 'unreasonable' action, nor can it prejudice the defendant against whom the evidence was admitted." *Hough v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2001).

5

First, Petitioner objects to the Magistrate Judge's analysis of the hearsay issues raised by Petitioner. Petitioner argues that the testimony by Deputy Lunge, Paramedic Wilson, and Nurse Sandahl relating to the victim's statement that Petitioner injured her was inadmissible hearsay. Further, Petitioner argues that the alleged hearsay testimony "was such that it satisfied all of the elements that the State was required to prove in order to gain a conviction for kidnapping." [Doc. 42 at 3].

The Magistrate Judge found that Petitioner failed to meet his burden of showing that trial counsel was ineffective for not objecting to testimony by Deputy Lunge, Paramedic Wilson, and Nurse Sandahl relating the victim's statement that Petitioner injured her. The Magistrate Judge noted that it was debatable whether the testimony was hearsay because the testimony may have fallen under Rule 801(d) of the South Carolina Rules of Evidence which allows a hearsay exception to time and place testimony in criminal sexual conduct cases. Further, the Magistrate Judge noted that Paramedic Wilson and Nurse Sandahl's testimony of the victim's statements about the assaults would be admissible under Rule 803(4) of the South Carolina Rules of Evidence as a statement made in seeking medical treatment. The Magistrate Judge also noted that the fact that Petitioner was acquitted on the criminal sexual conduct charge demonstrates that the jury did not credit all of the victim's testimony; therefore, Petitioner's claim that the alleged hearsay unduly bolstered the victim's testimony was not supported by the record. The court finds that the Magistrate Judge appropriately addressed the hearsay issues raised by Petitioner. Petitioner has failed to demonstrate that not objecting to the testimony of Deputy Lunge, Paramedic Wilson, and Nurse Sandahl was objectively unreasonable.

Petitioner objects that the Magistrate Judge incorrectly found that the state court was not unreasonable in finding there was no valid basis for Petitioner's trial counsel to object to the 911 call being played for the jury during trial. Petitioner argues that the information contained in the 911 call was false, and the probative value of the call being played for the jury was outweighed by the potential prejudice. The 911 tape contained the victim's statements that Petitioner had murdered people in Florida and South Carolina. The PCR court noted that, "The 911 call was made the morning after the incident and would have been far more probative than prejudicial in this case." [Doc. 29-5 at 25]. Respondent argues that the 911 call was not offered to prove that Petitioner murdered anyone, but to show the victim's fear of Petitioner and the reason she felt the need to stay in the house and comply with Petitioner. The Magistrate Judge noted that Petitioner himself had testified that he had been incarcerated for manslaughter and attempted murder. The court finds that the Magistrate Judge appropriately found that the state court was not unreasonable in finding no basis for objection to the 911 call.

Petitioner objects to the Magistrate Judge's failure to address the issue of the attempted murder conviction referenced during the trial. The Magistrate Judge noted that Petitioner challenged only the manslaughter conviction, and not the attempted murder conviction, and found the manslaughter conviction to be less prejudicial in light of the record. Petitioner argues that he challenged both the manslaughter conviction and the attempted murder conviction. However, Petitioner's federal habeas petition alleges that "trial counsel was ineffective for not objecting to the admission of petitioners [sic] prior conviction for voluntary manslaughter," but does not challenge the reference at trial to the attempted murder conviction. Accordingly, the court finds that the

7

Magistrate Judge did not err in not addressing the reference to Petitioner's attempted murder conviction at trial.

## CONCLUSION

The court accepts the Magistrate Judge's Report and Recommendation [Doc. 40], and incorporates it herein by reference. For the foregoing reasons, it is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Doc. 28] is **GRANTED**.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

                                                     United States District Judge

April 18, 2012
Greenville, South Carolina